IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,850-04






EX PARTE JOHN BENNY JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 525945 IN THE 185TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of an
automobile and sentenced to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends that he is being denied credit for time spent released on mandatory
supervision prior to his revocation on May 26, 2006. The trial court has entered findings of fact and
conclusions of law. We believe, however, that these findings and conclusions are not sufficient to
resolve Applicant's claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). It
shall order the Office of General Counsel at the Texas Department of Criminal Justice to file a
response stating whether, at the time of his revocation, Applicant was serving a sentence for or had
been previously convicted of an offense described by Tex. Gov't Code § 508.149(a). 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall then make findings of fact as to whether, at the time of his revocation,
Applicant was serving a sentence for or had been previously convicted of an offense described by
Tex. Gov't Code § 508.149(a). The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 11, 2008

Do not publish